ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EMILIO SOLER RAMIREZ<br><br>RECURRIDO<br><br>v.<br><br>ESTEL QUIÑONES CATALA<br><br>PETICIONARIA | TA2026CE00049 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV00049<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante nos, la señora Estel Quiñones Cátala (en adelante, señora Quiñones o peticionaria), mediante recurso de *certiorari* en el que solicita que revisemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario), el 10 de diciembre de 2025. A través de su dictamen, el TPI declaró No Ha Lugar una solicitud de relevo de sentencia presentada por la señora Quiñones.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I.**

El 9 de enero de 2025, el licenciado Emilio F. Soler Ramírez (en adelante, recurrido), presentó en el TPI una *Demanda*[1] en cobro de dinero contra la señora Quiñones, reclamando la suma de $49,115.63, por concepto de honorarios profesionales y gastos legales incurridos durante la

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

representación brindada entre mayo de 2022 y diciembre de 2023. Según alegó el recurrido, la valoración de los servicios se realizó en base al principio de *quantum meruit* ya que el contrato original conllevaba una contingencia.

Surge del expediente que la señora Quiñones fue emplazada personalmente el 14 de enero de 2025.[2] Posteriormente, el 10 de febrero de 2025, la peticionaria compareció mediante representación legal solicitando una prórroga para contestar la demanda, la cual fue concedida.[3] No obstante, el 7 de marzo de 2025, su representación legal solicitó renuncia, la cual fue autorizada por el foro primario, quedando la peticionaria sin representación legal.[4]

El 1 de mayo de 2025, el recurrido presentó una *Moción para Anotar Rebeldía*[5] ante la falta de comparecencia de la peticionaria, así como una *Moción de embargo preventivo en aseguramiento de sentencia*[6]. Luego de acreditarse el diligenciamiento del emplazamiento a la peticionaria, el foro primario anotó la rebeldía a la señora Quiñones mediante *Orden sobre cumplimiento*[7] del 5 de mayo de 2025.

El tribunal celebró una *Vista* el 8 de septiembre de 2025, a la cual no compareció la peticionaria[8], y en la que declaró Ha Lugar la *Demanda* presentada y concedió un término al recurrido para someter proyecto de sentencia.[9]

Así las cosas, el 12 de septiembre de 2025, el TPI notificó una *Sentencia*[10] en rebeldía, declarando con lugar la demanda y ordenando a la peticionaria el pago de $49,115.63, más el pago de intereses por mora adeudados desde el 1 de enero de 2024 hasta la fecha en que se dictó la

---

[2] Véase Entrada Núm. 12 del SUMAC del TPI.
[3] Entradas Núm. 4 y 5 del SUMAC del TPI.
[4] Entradas Núm. 6 y 7 del SUMAC del TPI.
[5] Entrada Núm. 8 del SUMAC del TPI.
[6] Entrada Núm. 9 del SUMAC del TPI.
[7] Entrada Núm. 13 del SUMAC del TPI.
[8] Del expediente surge que la vista fue señalada en una vista previa celebrada el 14 de julio de 2025, a la cual tampoco compareció la peticionaria y cuya *Minuta* fue notificada a la dirección de correo postal registrada en el caso. Véase Entrada Núm. 14 del SUMAC del TPI.
[9] Entrada Núm. 15 del SUMAC del TPI.
[10] Entrada Núm. 16 del SUMAC del TPI.

sentencia, así como $4,911.56 por concepto de costas y honorarios de abogado, más intereses post-sentencia acumulados hasta el pago total de la deuda. Dicha sentencia fue notificada por correo regular a la dirección de la señora Quiñones registrada en el caso.

Posteriormente, el 15 de octubre de 2025, el recurrido presentó una *Moción solicitando ejecución de sentencia*[11], la cual fue declarada con lugar mediante *Orden de embargo*[12] y *Mandamiento sobre ejecución de sentencia*[13] notificados el 16 de octubre de 2025.

El 26 de noviembre de 2025, la peticionaria compareció nuevamente y presentó una *Moción bajo la Regla 49.2 de Procedimiento Civil*[14], alegando, entre otros fundamentos, falta de notificación de la vista celebrada el 8 de septiembre de 2025 y de la sentencia, así como ausencia de prueba suficiente para sostener la determinación del tribunal. El 3 de diciembre de 2025 el recurrido presentó su *Oposición a Moción de Relevo de Sentencia*[15].

Al día siguiente, el 4 de diciembre de 2025, el recurrido presentó una *Moción de Retiro de Fondos*[16], informando que en la Unidad de Cuentas habían sido consignados $58,202.01 como resultado del embargo y, por tanto, solicitó al tribunal autorización para retirar dichos fondos. A dicha moción, la peticionaria presentó una *Oposición Urgente a Moción de Retiro de Fondos*[17], reiterando sustancialmente los argumentos ya planteados en su moción de relevo.

Así las cosas, el 10 de diciembre de 2025 el TPI dictó una *Resolución Interlocutoria[18]* en la que declaró No Ha Lugar la solicitud de relevo de sentencia presentada por la señora Quiñones. Ese mismo día, el foro primario

---

[11] Entrada Núm. 17 del SUMAC del TPI.
[12] Entrada Núm. 18 del SUMAC del TPI.
[13] Entrada Núm. 19 del SUMAC del TPI.
[14] Entrada Núm. 20 del SUMAC del TPI.
[15] Entrada Núm. 22 del SUMAC del TPI.
[16] Entrada Núm. 24 del SUMAC del TPI.
[17] Entrada Núm. 25 del SUMAC del TPI.
[18] Entrada Núm. 30 del SUMAC del TPI.

ordenó que los fondos embargados permanecieran consignados en la Unidad de Cuentas, en espera de ulterior determinación.[19]

El 26 de diciembre de 2025, el recurrido presentó una *Moción de Reconsideración sobre Orden de Retiro de Fondos*[20], argumentando que, una vez denegado el relevo de sentencia, el foro primario carecía de facultad para suspender la ejecución. Por su parte, el 6 de enero de 2026, la peticionaria presentó su oposición, alegando que la moción había sido presentada fuera del término de quince (15) días establecido en la Regla 47 de Procedimiento Civil.[21]

El 12 de enero de 2026 la peticionaria presentó el recurso de epígrafe en el que plantea que el TPI cometió los siguientes errores:

A. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DICTAR SENTENCIA EN EL PRESENTE CASO CUANDO NO CONSTA EN AUTOS QUE LA PARTE PETICIONARIA HAYA RECIBIDO NOTIFICACION PARA COMPARECER A LA VISTA EN REBELD[Í]A DE 8 DE SEPTIEMBRE DE 2025.

B. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR QUE LA SENTENCIA DICTADA EN EL PRESENTE CASO AL PRESENTE ES FINAL, FIRME E INAPELABLE.

C. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR HA LUGAR LA PRESENTE DEMANDA CUANDO LA PRUEBA PRESENTADA POR LA PARTE DEMANDANTE NO CUMPLE CON LOS REQUISITOS ESTABLECIDOS EN LOS CASOS DE QUANTUM MERIUT DEL TRIBUNAL SUPREMO.

D. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL CONCEDERLE $4,911.56 AL RECURRIDO EN CONCEPTO DE HONORARIOS DE ABOGADO E INTERESES CUANDO NO SE HIZO MENCI[Ó]N ALGUNA DE QUE HUBIERA MEDIADO TEMERIDAD DE LA PARTE PETICIONARIA EN EL PRESENTE CASO.

En la misma fecha, la peticionaria presentó, además, una *Moción en Auxilio de Jurisdicción*[22] solicitando la paralización de los fondos consignados mientras se resolvía este recurso apelativo, la cual fue declarada No Ha Lugar mediante *Resolución*[23] emitida y notificada el 13 de enero de 2026.

---

[19] Véase *Orden* en la Entrada Núm. 27 del SUMAC del TPI.
[20] Entrada Núm. 32 del SUMAC del TPI.
[21] Entrada Núm. 33 del SUMAC del TPI.
[22] Véase Anejo en la Entrada Núm. 2 del SUMAC del TA.
[23] Entrada Núm. 5 del SUMAC del TA.

El 20 de enero de 2026, se emitió una *Resolución* concediéndole un término a la parte peticionaria para que mostrara causa por la cual no se debía desestimar el recurso de *Certiorari* por haberse radicado fuera del término de treinta (30) días. Vencido el término concedido a la parte peticionaria sin presentarse justificación alguna para la presentación del recurso fuera del término reglamentario procedemos a disponer.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 52.2, y la Regla 32 (c) del Reglamento del Tribunal de Apelaciones, según enmendada, 2025 TSPR 42, pág. 47 (2025) disponen que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia deberán ser presentados dentro del término de **treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. Dicho término es de cumplimiento estricto**, prorrogable sólo

cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari.

Es norma reiterada que un término de cumplimiento estricto puede ser prorrogado por los tribunales, no obstante, esto requiere generalmente que "la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013).

Recientemente nuestro Tribunal Supremo reiteró que:

[L]os tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes estas dos condiciones: (1) que en efecto exista justa causa para la dilación, y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; esto es, que la parte interesada acredite de manera adecuada la justa causa aludida. En ausencia de estas circunstancias específicas, el tribunal carece de discreción para prorrogar el término y, por consiguiente, acoger el recurso apelativo ante su consideración. *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR __ (2024); *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 171 (2016). (Énfasis nuestro y citas omitidas).

### B. Jurisdicción

Es sabido, que la jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo el de analizar en todo caso si poseen jurisdicción para atender las controversias

presentadas. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. San Sebastián v. QMC Telecom, supra.*

## III.

En el presente caso, la parte peticionaria presentó el 12 de enero de 2026 un recurso de *Certiorari* para que ese foro revisara la denegatoria del TPI a una solicitud de relevo de sentencia. La determinación del foro primario fue emitida y notificada el 10 de diciembre de 2025. En su consecuencia, la parte peticionaria tenía el término de treinta (30) días para radicar su recurso ante este foro apelativo. Dicho término vencía el 9 de enero de 2016. La parte peticionaria no presentó justa causa por la tardanza en radicar el recurso, a pesar de habérsele solicitado mediante Resolución del 20 de enero de 2026. Este Tribunal carece de discreción para considerar un recurso presentado tardíamente sin la existencia de justa causa. Es por ello, que procede la desestimación por falta de jurisdicción.

## IV.

Por los fundamentos antes esbozados, procedemos a desestimar el recurso de *Ceriorari* por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Expresión particular de la Jueza Grana Martinez:

"Ante el incumplimiento de la parte peticionaria, con la Orden de Mostrar Causa por la cual no se deba desestimar el recurso, notificada el 20 de enero de 2026, no tenemos discreción para atender el mismo, independientemente de los méritos de su reclamo.

Consecuentemente, el Tribunal Supremo de Puerto Rico ha resuelto que en relación con los términos de cumplimiento estricto que el foro apelativo no goza de discreción para prorrogar tales términos automáticamente. La parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto. Si no lo hace, los tribunales carecen de discreción para prorrogar el término y, por ende, acoger el recurso ante su consideración. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Arriaga v. F.S.E*, 145 DPR 122, 131 (1998); *Bco. Popular de P.R. v. Mun. De Aguadilla*, 144 DPR 651, 657 (1997).  Razón por la cual estoy conforme con la desestimación del recurso".

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones